GUTELIUS, Mayor v GILLEN et

Common Pleas Court, Trumbull Co

Decided July 1, 1939

## OPINION

By GRIFFITH, J.

· On June 2, 1939, Daniel B. Gutelius, as mayor of the city of Warren, Ohio, filed a petition in this court, asking for a declaratory judgment as to the constitutionality and lawful character of Ordinance No. 2912 of said city, against B. J. Gillen et.

B. J. Gillen demurred to the amended petition, on the grounds:

(1) That it appears upon the face of the petition that there is no effective ordinance, upon which the court can render a declaratory judgment; and

(2) That the petition does not state a cause of action.

. It is in substance alleged in the petition that the defendant B. J. Gillen is the chief of police of the city of Warren; that on March 1, 1939, the council of the city of Warren passed Ordinance No. 2912, which ordinance, among other things provides that no member of the police division of the city of Warren shall remain in service after he shall have attained the age of sixty (60) years; that said ordinance was signed by the mayor, on March 2nd, and became effective thirty (30) days after its passage: to-wit: On the 2d day of April; that the plaintiff served a copy of the ordinance on said defendant B. J. Gillen on the 5th day of April, advising him that his connection with the police department of the city of Warren had terminated as of April 2nd, and ordered him to vacate his office by 12 o'clock noon, April 7th, and to sever all connection with the department, and turn in his records and retire, he said B. J. Gillen, being, at the time, past the age of sixty (60) years; that said defendant B. J. Gillen refused to vacate said office; that, on the 29th day of March, there was filed in the city auditor's office, referendum petitions, containing thirty-five hundred names, or more than ten per cent of the electors of the city of Warren; that said petition was filed within thirty (30) days after the passage of the ordinance, and said petition ordered that the ordinance be submitted to the electors for their approval or rejection at the next general election.

It appears that the petitions were certified by the city auditor to the board of deputy state supervisors and inspectors of elections of Trumbull county, on April 20; and that all matters incident to the preparation and filing of said referendum petitions are regular in form, and were filed within the statutory time limitations.

Under this set of facts, as appears upon the face of the plaintiff's petition, the plaintiff seeks to have a declaratory judgment rendered by this court, as to the constitutionality and lawful character of the ordinance; and, in his prayer he asks: "that this court will

render a declaratory judgment as to the constitutionality and lawful character of Ordinance No. 2912, so that this plaintiff may know whether to proceed to act upon and enforce the terms of said ordinance."

The principal question to be determined is, whether the petition states a cause of action.

Upon a general demurrer, the ellegations of the petition, which are not mere conclusions of law, must be considered as true.

It is alleged that the ordinance was passed by council, signed by the mayor, served upon the chief of police, and that, within thirty (30) days from its passage, a referendum petition, of sufficient names, was filed with the city auditor, ordering that the ordinance be submitted to the electors for their approval or rejection.

Sec. 4227-2, GC, referring to an ordinance to which a referendum petition has been filed, among other things, says:

"No such ordinance or measure shall go into effect until approved by the majority of those voting upon the same."

The petition admits that a referendum has been filed, and, in the face of that statement, is there an ordinance upon which the court can render a declaratory judgment?

An ordinance which has no effect is a nullity. This ordinance shall not go into effect until approved by the majority of those voting upon it. Whether or not the ordinance in question shall ever become an effective ordinance depends upon the will of the voters.

In the event of the voters' disapproval of the ordinance, any opinion that this court might now render would be merely advisory and purely moot.

Borchard, in his work on declaratory judgments, page 40, says:

"The danger or dilemma of the plaintiff must be present, not contingent on the happening of hypothetical future events—although it may involve future benefits or advantages—and the threat to his position must be actual and genuine and not merely possible or remote."

Again, on page 60, Borchard says:

"It is not a judicial function to pass upon questions not involved in actual controversy concerning legal rights, an axiom which excludes from justiciability issues that are fictitious, colorable, or hypothetical."

Sec. 12102-2, GC, which is a part of the Declaratory Judgments Act, provides, among other things, as follows:

"Any person * * * whose rights, status or other legal relations are affected by a municipal ordinance * * * may have determined any question of contruction or validity arising under the * * * ordinance * * * and obtain a declaration of rights * * * thereunder."

Sec. 12102-5 contains the following language:

"The enumeration in 2*, 3! and 4o does not limit or restrict the exercise of the general powers conferred in section 1**, in any proceeding where declaratory relief is sought, in which a judgment or decree will terminate the controversy or remove an uncertainty."

Sec. 12102-6 provides:

"The court may refuse to render or enter a declaratory judgment or decree where such judgment or decree, if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceeding."

We fail to see how the plaintiff, in the instant case, brings himself within the provisions of these sections.

There is not now in existence any ordinance affecting the plaintiff.

The ordinance which council passed by the statutes of Ohio, has no legal effect, by virtue of the filing of the

referendum petition. It may never have any legal effect. It is possible that no ordinance will ever be enacted. Ordinance No. 2912 is what might be designated as a "contingent" ordinance.

It would be a vain thing to pass upon the rights and liabilities of parties when it is not known, and can not be known whether the matter will ever progress far enough to affect either the plaintiff or the defendant.

Courts will not attempt to decide the rights of parties upon a set of facts which are contingent or uncertain; and the court will not decide future rights, in anticipation of an event which may not happen.

In the case at Bar, the ordinance is not ripe for judicial determination; applying the language of sub-section 6 of this Declaratory Judgment Act, which provides that the court may refuse to enter a declaratory judgment where such judgment, if rendered, would not terminate the uncertainty or controversy giving rise to the proceeding.

It follows that the petition shows, upon its face that there is no effective ordinance upon which the court can render a declaratory judgment; and that the petition, therefore, does not state a cause of action; and

The demurrer to the petition is sustained.